## 22666. SABINO v. UNITED STATES OF AMERICA.

Argued October 12, 1964—Decided November 5, 1964.

*Vincent P. McCauley*, for plaintiff in error.

*Floyd M. Buford, U. S. Attorney, Sampson M. Culpepper, Assistant U. S. Attorney*, contra.

Grice, Justice. A judgment ordering a sheriff to disburse proceeds realized from a fi. fa. is here for review. A portion of such proceeds, claimed by that plaintiff in fi. fa. and also by the United States of America, was awarded to the latter.

This litigation began when the plaintiff in fi. fa., Tony Sabino, filed his petition for mandamus against the Sheriff of Muscogee County, in the Superior Court of that county. Sabino alleged that he had recovered a judgment of $1,100.00 against one Arlan K. Kragerud in the City Court of Columbus; that a fi. fa. issued

thereon and was placed in the hands of the sheriff; that the sheriff collected that amount and was holding it; that Sabino requested the sheriff to pay over the money to him, but that the sheriff refused, causing him to suffer pecuniary loss not compensable in damages. Sabino's petition, in addition to rule nisi, prayed that the sheriff be required to pay such judgment proceeds to him.

Thereafter, the United States filed a petition seeking to intervene in such mandamus proceeding by virtue of 42 U.S.C.A. § 2651 (b) and Georgia *Code* § 24-211. It alleged that the United States claimed $555.00 of the above mentioned judgment proceeds upon the ground that, as a result of the personal injuries sustained by Sabino at the hands of the above named tortfeasor, it had provided to Sabino, a retired military person, hospital care and treatment of the value of $555.00; that Sabino had assigned to the United States his cause of action for medical and hospital care and treatment arising out of such injuries; that Sabino's judgment of $1,100.00 held by the sheriff included such $555.00 and was a lien thereon; that the United States was an interested party in the distribution of said money and claimed the $555.00 upon equitable principles, specifically the avoidance of a multiplicity of suits. The petition prayed that the United States be allowed to intervene and that $555.00 from said fund be disbursed to it.

The trial judge found, among other facts not necessary to recount here, that Sabino had assigned his claim for medical expenses to the United States, that this item was included in his settlement and consent judgment later paid to the sheriff by the tortfeasor, and that the United States was subrogated to the rights of Sabino to the extent of the medical and hospital treatment furnished him, to wit, $555.00. Accordingly, it entered judgment denying the petition for mandamus, granting the intervention of the United States, and ordering the sheriff to pay $555.00 of the judgment proceeds to the United States and the remainder to Sabino. Error is assigned upon this judgment by Sabino.

Although several questions have been argued here, the controlling one is whether the trial court was correct in allowing the intervention of the United States. In our view, it was not.

Sabino's petition sought a writ of mandamus requiring the sheriff to pay him the entire $1,100.00 judgment proceeds. Thus the only issue made was whether Sabino had a "clear legal right" to have that particular act performed by the sheriff. Annotation, *Code* § 64-101.

However, the petition for intervention of the United States sought to raise other issues, to wit: whether Sabino's claim for medical care and treatment was involved in the settlement with the tortfeasor and thus included in the judgment proceeds held by the sheriff, whether the United States was subrogated to Sabino as to such claim, and thus whether the sheriff was required to pay to Sabino that portion of the judgment proceeds. In effect the intervenor sought to convert the mandamus action into a money rule proceeding, provided under chapter 24-2 of the Code where a sheriff refuses to pay over money collected by virtue of a fi. fa. or other legal process. In fact, the United States expressly recited *Code* § 24-211 as authority for its petition for intervention.

Under these circumstances, allowance of this intervention would violate the long established rule that an intervenor takes the case as he finds it.

For the foregoing reasons the allowance of the intervention was erroneous, and therefore the judgment complained of is

*Reversed. All the Justices concur.*